## Ed Pryor v. The State.

No. 13268. Delivered June 25, 1930.
Reported in 29 S. W. (2d) 776.

The opinion states the case.

*Heyser & Hicks, O. E. Nelson, Harry R. Bunnenburg,* and *C. C. McDonald,* all of Wichita, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, eight years in the penitentiary.

There was an exception reserved to the following part of the court's charge:

"Such corroborative evidence need not be direct and positive, independent of the evidence of the accomplice or accomplices, but it must be proof of such facts and circumstances as tend to support the testimony of such accomplice or accomplices and satisfy the jury that he or they are worthy of credit as to the facts essential to constitute the offense with which the defendant is charged, as herein defined to you and which tend to connect him with its commission will fulfill the requirements of the law."

A charge in almost exactly similar language was condemned in Walker v. State, 94 Texas Crim. Rep. 653, 252 S. W. Rep. 543, in which will be found an exhaustive discussion of the authorities and reasons. The possible evil arising from such charge seems particularly dangerous in a case such as is here where the accused is convicted for being an accomplice to the offense of robbery, that is, that he advised, commanded and encouraged one Shumate to commit

robbery. The State saw fit to use Shumate as a witness who admitted that he robbed a man with a pistol, and that no one was present but the two of them. He affirmed, however, that appellant had advised and encouraged him to commit the robbery. No witness testifies to ever having seen them together before the alleged robbery, nor is there any showing that they were on particular terms of friendship, intimacy, etc. No statement or confession of the accused in anywise admits connection with the offense. The State seems to rely entirely upon circumstances which, if believed by the jury, might point to appellant as an accessory,—as facts from which the inference might arise of his being an accomplice to the crime. The inference is not very strong. The accomplice witness, however, fully makes out a case, and a charge would be peculiarly susceptible of harm which might lead the jury to believe that they could convict upon the testimony of the accomplice if there was other testimony tending only to support his credit as a witness.

We are of opinion that the trial court should have granted appellant's application for a continuance, but will not discuss it in view of the fact that the case is being reversed.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*